## THE ILLINOIS FUEL COMPANY

v.

## THOMAS PARSONS.

*Master and Servant—Personal Injuries—Statutory Regulations—Con- tributory Negligence—Pleading—Instructions.*

1. If the only operating cause of the injury received by plaintiff, in an action brought to recover for injuries received by him while being hoisted up the shaft of a mine in a cage, was his carrying a drill upon the cage, in violation of law, he can not recover.

2. If, however, the mine owner has wilfully and negligently failed in his duty as charged in the declaration (such failure being in violation of the statute) and if the injury was caused chiefly by such failure, the owner would be liable even though the party injured may have been guilty of con- tributory negligence.

3. Certain instructions are held, in the case presented, to have been erro- neous, first, in ignoring the case presented by the declaration, and second, in containing contradictory and misleading statements.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. FOUKE, Judge, presiding.

Messrs. PATTON & HAMILTON, for appellant.

Messrs. C. A. KEYES and W. T. HOUSTON, for appellee.

CONGER, P. J.    This was an action to recover for personal

injury to appellee in the mine of appellant, in which appellee recovered a judgment for $2,000.

The amended declaration upon which the cause was tried consisted of two counts. The first avers that appellant neglected to place in charge of its engine "a competent, experienced and sober engineer," and that by reason of said engineer negligently, and so violently and with such great force applying the steam to said engine, suddenly and violently jerked upward the cage on which appellee was ascending, and thereby he was thrown with great force and violence against the side of the cage and injured. The last count avers the statutory duty of appellant "to provide safe means of hoisting and lowering persons in a cage covered with boiler iron, and furnish the same with guides to conduct it on slides through the shaft, and that appellee, wilfully, wrongfully and negligently disregarding its duty, failed and neglected to provide safe means of hoisting and lowering persons in cages covered with boiler iron so as to keep safe, persons descending into, and ascending out of said shaft, or to furnish its cages with sufficient or perfect guides to conduct them on slides through said shaft," whereby he was violently jostled to and fro while being hoisted, and thrown with such force against the side of the cage as to cause the injury.

Appellee in his testimony says that he got on the cage with an iron drill in his hand and started up the shaft. When he had gone up the shaft some twenty or thirty feet the cage gave a sudden jerk, throwing him to one side of the cage, and injuring his right hand in such a way as to cause him to lose two fingers. He says:

"I had a drill in my hand; one end of drill was on bottom of the cage; the drill was about six feet long; the cage is covered with some kind of iron; don't know whether it is boiler iron; I was standing about the center of the cage with one end of drill resting on cage; when it jerked was thrown across the bar; did not fall down; laid across the drill; sudden jerk of cage threw me down; it did not stop at all; think it started on faster; couldn't tell rate of speed cage was going; think it was going too fast; jerk was very sudden; did

not think it would take very long to go to the top; cage was hoisted some twenty or thirty feet; can't tell how fast it was going previous to the accident; jerk came all of a sudden; if I had known it, could have guarded against it; gave a sudden jerk, and I fell, and if I had fallen off the cage would have gone to the bottom of the shaft; my hand came in contact with those bars that run along the sides of the cage, and the drill coming in contact with it caused the injury; the jerk threw me from the side; nothing but the drill, when jerk came, to prevent me from being thrown on bottom of cage; drill stopped my fall. In case my hand had gone on inside of these bars, consequence would have been, to be thrown off the cage."

Upon cross-examination he said: "The other men all went up about six o'clock; it was duty of eager to give signals; he had gone up; had all gone out but me and Mecklenburg; had my drill in my hand; it was six feet in length; it had two points, both sharp; it is flat on the point; it was sharp enough to cut wood. It was sharp and flat like a hatchet. Cage started up after I gave the signal; had drill in my hand at the time; the point of the drill caught in the side of the shaft; the drill and bars hurt my hand; don't know whether my fingers would have been cut if I had not had drill in my hand, or not; the drill and cage together that took off my fingers; it was the drill and bars on the cage that cut my fingers; bars are inside of the cage; there is no danger passing up and down on the cage. I presume it is what I had on the cage that there is danger in; drill did not stick in the side of shaft; it threw me over; it caught in the side of the shaft. I was not ordered by any one to take the drill up then; took it of my own accord."

The seventh instruction asked for by appellant was modified by the court, adding to it the words, "unless you further believe from the evidence the injury was inflicted wilfully," and as thus amended, was given to the jury, and was as follows: "Seventh. That in order to recover, the plaintiff must prove, by a preponderance of the evidence, that he was in the exercise of due care and caution for his personal

safety, and if they believe from the evidence that in carrying
a drill on the cage when he was injured, he was not in exer-
cise of due care and caution, and you further believe from
the evidence the injury was caused by his having the said
drill in his hand, and not by defendant's acts, then there can
be no recovery in this case, and the jury should find for the
defendant, unless you further believe from the evidence the
injury was inflicted wilfully."

The modification made by the court is so contradictory to
the rest of the instruction, that it seems quite clear that as a
whole it must have confused and misled the jury. If appel-
lee's injury was caused by the drill, and not by defendant's
acts, how can it be said the injury was inflicted wilfully.
If the injury was not caused by appellant's wrongful acts of
some kind, either of commission or omission, there can neither
be wilfulness or liability on its part.

We hold, as we did in Niantic Coal & Mining Co. v. Leon-
ard, 25 Ill. App. 95, where the same principle was involved—
that if the only operating cause of appellee's injury was his
carrying his drill upon the cage in violation of law, he can not
recover. On the other hand we think the law is that if
appellant has wilfully and negligently failed in its duty as
charged in either of the amended counts, and it appears that
the injury was caused principally and substantially by such
failure, appellant would be liable, although appellee may have
been negligent in carrying his drill on the cage, and such neg-
ligence may have, in some degree, contributed to the injury.
As we held in the case of Catlett v. Young, at the present
term, the requirements of the statute as to the duty of mine
owners in affording protection to operatives are positive, and
can not be excused or lessened by counter-charges of negli-
gence against such operatives. When mine owners do not
attempt substantially and in good faith to comply with these
statutory requirements, and injuries occur by reason of such
wilful failure, they must be held liable, notwithstanding the
person injured may have been guilty of negligence.

The second instruction given to appellee tells the jury, in
substance, that if the engineer in charge, so negligently and

carelessly moved said cage, by jerking it, as to throw appellee against the side of the cage and cause the injury, then they should find for the plaintiff. This instruction entirely ignores the two questions presented by the declarations as to the sobriety and competency of the engineer, and the defective appliances and machinery mentioned in the second count, and hence was erroneous. The charges in the declaration are, first, that the appellant knowingly and wilfully had in its employ an engineer, not sober and competent, as the statute requires; and second, that the machinery and appliances for raising the cage were not in good order; while this instruction proceeds upon the theory that if the charges in the declaration were not true, but that the engineer was guilty of a single act of carelessness unknown to appellant, it would make it liable.

Some of the other instructions are faulty in not clearly keeping before the jury the idea, that, to make appellant liable, its acts of negligence must have been wilfully or knowingly done.

We express no opinion upon the evidence, or the liability of appellant for the injury occasioned upon the theory as set forth in the declaration, but believing, for the reasons given above and others not necessary to set forth, that there should be a new trial, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*